Atcheson, J., concurring:
The district court properly terminated the parental rights of M.S. and B.J.'s mother, so I concur in affirming that ruling. I do not, however, subscribe to the majority's analysis of Mother's assertion that she was denied due process. But Mother was afforded all the constitutional process she was due and can claim no error on the point.
The essence of procedural due process guaranteed in the Fourteenth Amendment to the United States Constitution is the opportunity to be heard in a meaningful way at a meaningful time before suffering a deprivation of liberty or loss of property as the result of government action. Memphis Light, Gas & Water Div. v. Craft , 436 U.S. 1, 17-18, 98 S. Ct. 1554, 56 L.Ed. 2d 30 (1978) (due process entails protection against wrongful deprivation);
*1009 Mathews v. Eldridge , 424 U.S. 319, 333, 96 S. Ct. 893, 47 L.Ed. 2d 18 (1976) ("The fundamental requirement of due process is the opportunity to be heard 'at a meaningful time and in a meaningful manner.' [Citations omitted.]"); 424 U.S. at 348-49, 96 S.Ct. 893 (due process requires procedures "be tailored" to the circumstances to "assure fair consideration"). Here, as the majority outlines, judicial extinguishment of parental rights inflicts a deprivation of liberty requiring procedural protections aimed at averting an erroneous result.
*1266 The elemental component of Mother's constitutional due process lay in her right to a hearing in front of a district court judge at which the State would have to prove her unfitness by clear and convincing evidence. Augmenting that right, Mother was entitled to be represented by a lawyer and to have a lawyer appointed for her if she could not otherwise afford representation. The lawyer (or Mother if she elected to represent herself) could cross-examine the State's witnesses and present witnesses and other evidence to undermine the State's case. Mother's opportunity to have such a hearing satisfied her right to constitutional due process.
What Mother chose to do with that opportunity is largely beside the point. Mother did not attend the last two days of the three-day hearing. The State did not in any way impede her ability to appear. On the second day, Mother informed her lawyer she was having transportation problems but would show up. She didn't. The next day she did not communicate with her lawyer and simply failed to appear. Mother never offered an explanation for that failure.
Under those circumstances, Mother has no legal basis to complain about an impairment or denial of her due process rights-she received the opportunity required by the Fourteenth Amendment when the district court held the termination hearing she requested. Mother may then have squandered that opportunity, but her conduct in doing so doesn't create a due process violation. The result would be the same if Mother failed to appear for the entire termination hearing without good cause.[*]
[*]I put to one side situations in which parents could show they failed to appear for compelling reasons. For example, a genuine medical emergency requiring the parent's unexpected hospitalization, if proved, likely would be good cause excusing a failure to attend the hearing. I do not mean to offer some legal test for good cause that would avert forfeiture of due process protections in termination proceedings or any other context. Mother essentially concedes the lack of good cause for her absence, so the issue is not in play here.
The way the majority works through the due process issue seems to open up what may be unintended implications. And they are, in my view, improvident implications. In denying Mother's due *1267 process claim, the majority points out that she testified at the end of the first day of the hearing with her cross-examination by the assistant district attorney deferred to the next day. Mother, of course, didn't return and was never cross-examined. The discussion could be read to suggest that had Mother not yet testified on direct examination, her absence from the remainder of the hearing would amount to a due process violation. But that would be incorrect, since the due process right entails the opportunity to be heard and the opportunity may be relinquished or abandoned without actually having been heard. The implication also raises all kinds of nice questions about how much of a termination hearing a parent might have to miss to create a due process violation. Those questions are irrelevant. A parent can't stymie a termination hearing by disappearing part way through the proceeding or claim a due process violation if the district court completes the hearing anyway.